STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

February 5, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MCELROY COAL COMPAY,**
**Employer Below, Petitioner**

**vs.)   No. 11-0727**  (BOR Appeal No. 2045111)
                        (Claim No. 2004040865)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**BRUCE A. WARREN,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner McElroy Coal Company, by Edward George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bruce A. Warren, by Sue Anne Howard, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 6, 2011, in which the Board affirmed a September 24, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's February 22, 2010, decision awarding supplemental permanent partial disability benefits only in relation to Mr. Warren's 2% permanent partial disability award and his 6% permanent partial disability award, and granted him additional supplemental permanent partial disability benefits in relation to his 9% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Warren was employed as an underground coal miner with McElroy Coal Company. On March 27, 2004, he was injured when a boulder rolled over his pelvis and abdomen. He has received three separate permanent partial disability awards in relation to these injuries: on June 10, 2005, he received a 9% award; on August 15, 2007, he received a 2% award; and in 2009, he received a 6% award. On October 7, 2008, the claims administrator denied Mr. Warren's request for supplemental permanent partial disability benefits based on a finding that he was released to return to work with permanent restrictions that McElroy Coal Company could not accommodate, and on June 9, 2009, the Office of Judges affirmed the claims administrator's decision. On January 27, 2010, the Board of Review reversed the decision of the Office of Judges, found that Mr. Warren's release to return to work did not include permanent restrictions, and granted him supplemental permanent partial disability benefits. On October 29, 2010, this Court refused McElroy Coal Company's petition for appeal from the Board of Review Order. Following the January 27, 2010, Board of Review Order, the claims administrator issued a February 22, 2010, decision stating that Mr. Warren is only entitled to supplemental permanent partial disability benefits for the 2% award granted in 2007 and for the 6% award granted in 2009, because the 9% award was granted before he experienced any return-to-work issues.

In its Order reversing the claims administrator's February 22, 2010, decision, the Office of Judges held that Mr. Warren is entitled to supplemental permanent partial disability benefits relating to the 9% permanent partial disability award granted on June 10, 2005. McElroy Coal Company disputes this finding and asserts that the 9% permanent partial disability award was granted before Mr. Warren attempted to return to work, and that he is entitled to payment of supplemental permanent partial disability benefits only for awards made after his return-to-work issues arose.

West Virginia Code § 23-4-6(e)(2) (2005) states: "If a claimant is released by his or her treating physician to return to work at the job he or she held before the occupational injury occurred and if the claimant's pre-injury employer does not offer the pre-injury job or a comparable job to the employee when a position is available to be offered, the award for the percentage of partial disability shall be computed on the basis of six weeks of compensation for each percent of disability." The Office of Judges found that if the Legislature had intended for the Statute to be construed in the way the claims administrator interpreted it, language reflecting such an interpretation would undoubtedly have found its way into the Statute. The Office of Judges further found that there is no language in the Statute limiting payment of supplemental permanent partial disability benefits only for permanent partial disability awards entered following a release to return to work. The Board of Review reached the same reasoned conclusion in its decision of April 6, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

2

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 5, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II